HANNAH E. MORGAN *vs.* ANTONIO C. MCCAUSLAND, ADMR.

Kennebec.    Opinion June 19, 1902.

*Claim Against Insolvent Estate.    Oath.    Appeal.    Practice.    Jurisdiction.*
*R. S., c. 66, §§ 5, 14–16.*

Claims presented to commissioners of insolvency on the estates of deceased parties, must be supported by the oath of the claimant, or some person "cognizant thereof," as required by R. S., c. 66, § 5.

In an attempted appeal to this court, sitting as a supreme court of probate, it appeared that the claim presented to commissioners was not the claim offered in proof on trial. *Held;* that the evidence of the latter claim was inadmissible under the pleadings.

It also appeared that the appeal was from a decree of the judge of probate, and not from the decision of the commissioners. There was no decree of the judge of probate to appeal from, and no appeal was taken from the decision of the commissioners.

The appeal was taken to the supreme court of probate, when it should have been to the supreme judicial court on the law side.

From first to last, the proceedings were irregular and not in compliance with law. The true claim was not presented to the commissioners, nor stated in the writ.

*Held;* that the attempted appeal was ineffectual to confer jurisdiction upon the court.

Exceptions by defendant.    Sustained.

Action for money had and received, brought under R. S., c. 66, § 14.

The plea was the general issue with brief statement setting up the general statute of limitations and also that specially applicable to actions against executors and administrators.

There was a verdict for the plaintiff for $1,078.35.

The estate of Sumner B. McCausland, defendant's intestate, was seasonably represented insolvent, and commissioners of insolvency appointed by the probate court of Kennebec county, who gave due notice and held their meeting as required by law.

The claimant seasonably presented her claim to the commissioners in writing, as follows :—

" Sumner B. McCausland, Dr.
To Hannah E. Morgan.

| | |
|---|---|
| To note dated May 28, 1897, | $800 with interest. |
| To note dated October 7, 1898, | 400 with interest. |
| For nursing Mrs. Sumner B. McCausland the last two weeks she lived, and services after death in the year 1893, | 30 |
| For making and repairing clothing for Belle McCausland during the year 1894, | 20 |
| For nursing Belle McCausland in her last sickness six weeks night and day in the fall of 1894, | 72 |
| For board and labor on clothing and taking care of Mr. S. B. McCausland for three years and six months from 1894 to June 6, 1898, at $5 a week, | 910 |
| Total, | $2232 " |

The claim was supported by the following affidavit filed with it and duly sworn :—

" I, Hannah E. Morgan, by O. B. Clason, her attorney, of Gardiner, in the county of Kennebec, and state of Maine, on oath declare and say that the annexed bill, amounting to the sum of twenty-two hundred and thirty-two dollars, is justly due to Hannah E. Morgan, from the estate of Sumner B. McCausland, late of Farmingdale, in the county of Kennebec, and state of Maine, deceased.

I further declare and say that I hold no security for said claim and that no credit is to be given in set-off except as therein stated, according to my best knowledge and belief.

HANNAH E. MORGAN,
By O. B. Clason, her attorney."

No evidence was offered before the commissioners in support of the claim. No evidence was offered to the commissioners tending to show whether O. B. Clason was a person cognizant of the claim.

The claim was disallowed by the commissioners. Their report was seasonably made to the probate court, and accepted.

The plaintiff seasonably filed in the probate court the following paper, purporting to be a notice of appeal:

"To the Honorable Judge of Probate Court:

Respectfully represents Hannah E. Morgan, that she is interested as creditor and claimant in the estate of Sumner B. McCausland, late of Farmingdale, in said county of Kennebec, deceased, of which said court has now jurisdiction; that she is aggrieved by your Honor's decree made at a probate court held at Augusta, in and for said county of Kennebec, on the fourth Monday of August, A. D., 1891, whereby her claim is disallowed, and hereby appeals therefrom to the supreme judicial court, being the supreme court of probate, to be held at Augusta, within and for the county of Kennebec, on the third Tuesday of October, A. D., 1901, and alleges the following reasons of appeal, to wit, that she was entitled to the full amount of her claim of two thousand, two hundred and thirty-two dollars, and that nothing was allowed her by the said commissioners.

Dated this twenty-sixth day of August, A. D., 1901.

HANNAH E. MORGAN, Claimant.                    Seal."

With the same paper the plaintiff filed a bond to the judge of probate for the benefit of the estate of Sumner B. McCausland, signed by herself and two sureties, approved by the court, containing the following condition:

"The condition of this obligation is such that whereas the said Hannah E. Morgan, being interested in the estate of Sumner B. McCausland, late of Farmingdale, in said county of Kennebec, deceased, of which estate said court has jurisdiction, did on the twenty-sixth day of August, A. D., 1901, from the order and decree of the judge of probate aforesaid, made and passed at a probate court held at Augusta, within and for said county of Kennebec, aforesaid,

on the twenty-sixth day of August, A. D., 1901, claim an appeal to the supreme court, being the supreme court of probate, to be held at Augusta, within and for the county of Kennebec, aforesaid, on the third Tuesday of October, A. D. 1901.

"Now, therefore, if the above bounden Hannah E. Morgan, shall at the said supreme court prosecute said appeal with effect, and pay all intervening costs and damages and such costs as the supreme court shall tax against her, then this obligation to be void, otherwise to remain in full force."

The plaintiff thereafterwards seasonably brought her action with the following schedule annexed to her writ:

"Plaintiff seeks to recover, for payment of note dated May 28, 1897, eight hundred dollars with interest; note dated October 7, 1898, four hundred dollars with interest; for nursing Mrs. S. B. McCausland two weeks, thirty dollars; for sewing done for Belle McCausland, 1894, twenty dollars; for nursing Belle McCausland, seventy-two dollars; for board and labor on clothing, and taking care of said Mr. S. B. McCausland for three years, six months, from 1894 to June 16, 1898, at five dollars a week, nine hundred and ten dollars."

The cause was submitted to the jury and verdict rendered for the plaintiff in the sum aforesaid under the first two items in the claim, and for the defendant under the remaining items.

The defendant took exception, among other rulings, to the refusal of the presiding justice to rule, that the claim was not legally presented to the commissioners and that the action, therefore, was not maintainable, on the ground that it was incumbent upon plaintiff to show that she had proven before the commissioners, either by allegation in the affidavit or extrinsic evidence, that the person making the affidavit before them was cognizant of the claim.

*A. M. Spear*, for plaintiff.

*H. M. Heath and C. L. Andrews*, for defendant.

SITTING : WISWELL, C. J., EMERY, STROUT, PEABODY, JJ.

STROUT, J.   The claim presented to the commissioners of insol-
vency was not supported by the affidavit of the claimant, nor that of
any person " cognizant thereof." The statute is imperative. Claims
" must " be supported by the affidavit of either one or the other. R.
S., c. 66, § 5.   Clason, who made the affidavit in this case, did not
make it as a person himself cognizant of the claim, but only as
representing a person who was.

The claim presented to the commissioners contained two items,
" To note dated May 28, 1897, $800 with interest ; To note dated
October 7, 1898, $400 with interest." There were other items not
material to notice, as they were disallowed by the jury.   This speci-
fication of claim clearly implied that the notes were those of defend-
ant's intestate, held by the claimant.   No evidence was presented to
the commissioners, and they disallowed the claim.   On trial after
attempted appeal, no notes of defendant's intestate were produced or
claimed, but the plaintiff relied upon an alleged agreement of the
deceased, which she was allowed to prove, to pay her bills till they
were married if she would remain in Farmingdale, and not remove to
Boston, and that she acted upon that agreement.   The eight hundred
dollar note was her own note for a loan negotiated by the deceased,
and the proceeds were applied by her to her bills.   The four hun-
dred dollar note was also her own note for a loan, of which two
hundred and seventy-one dollars was applied to her bills.   This
claim thus admitted to be proved was not in fact or in substance the
claim presented to the commissioners — nor one of which the defend-
ant, as representative of the estate of the deceased, was apprised or
could infer from the claim presented to them.

After the commissioners made their report to the probate court,
the plaintiff entered an appeal from " the decree " of the probate
judge, and not an appeal from the decision of the commissioners, and
filed a bond as for an appeal from " the order and decree of the
judge of probate." None of these proceedings were in accordance
with the statute. R. S., c. 66, § 12, allows an appeal " from the
decision of the commissioners." No such appeal was claimed. Upon

the report of the commissioners no decree is required to be made by the judge of probate from which an appeal can be taken. The appeal from the decision of the commissioners is to a common law tribunal, and not to the supreme court of probate, as on appeal from the decree of the judge of probate. *Merrill* v. *Crossman,* 68 Maine, 412.

On appeal from the decree of the commissioners, the statute provides that an action for money had and received shall be brought and the creditor must " annex to his writ a schedule of his claims, stating the nature of them, or file it with the clerk of the court where the writ is returnable, fourteen days before its return day." R. S., c. 66, §§ 14-16. The schedule of claims annexed to this writ, so far as necessary to be considered here, was " for payment of note of May 28, 1897, eight hundred dollars with interest ; note dated October 7, 1898, four hundred dollars with interest." Waiving the variance between the claim presented to the commissioners and that annexed to the writ, the claim made by the evidence on trial was in no sense the same or similar to the specification annexed. Nothing in the annexed schedule gave notice to the defendant of the claim actually relied on, but did give notice of another and widely different claim, of which no proof was offered.

From first to last, the proceedings were irregular and not in compliance with law. The true claim was not presented to the commissioners, nor stated in the writ. No appeal was taken from the decision of the commissioners disallowing the claim. The attempted appeal was from a decree never made nor authorized. It was to the supreme court of probate, when it should have been to the common law side of the court.

The evidence of the claim actually made on trial was inadmissible under the pleadings. The attempted appeal was not in accordance with the statute and was ineffectual to confer jurisdiction upon the court.

*Exceptions sustained.*